UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH M. CRADDOCK, II, | ) | CASE NOS. 5:11CV1282 |
| | ) | 5:11CV1283 |
| Plaintiff, | ) | 5:11CV1284 |
| | ) | 5:11CV1736 |
| v. | ) | |
| | ) | JUDGE SARA LIOI |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| | ) | |
| Defendants. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| | ) | |

The above-captioned cases were before the Court for a mediation on September 28, 2011. Counsel for Defendant, Midland Credit Management, Inc. was present, however, Plaintiff, Kenneth M. Craddock, II. who is *pro se*, did not appear. The Court attempted to contact Plaintiff by telephone, but there was no answer at his residence. Although the undersigned's courtroom deputy left a voice mail message, Plaintiff never returned the telephone call.

Plaintiff did not appear for the original case management conference ("CMC") scheduled for these cases on August 24, 2011. ECF Dkt. #14, p. 1-3. Plaintiff called the Court one hour before the hearing, and explained that he did not intend to appear for the CMC. As a consequence, the Court arranged to conduct the conference by telephone. Plaintiff indicated that he did not plan to attend the CMC because he intended to amend his complaint. The Court informed Plaintiff that this reason was insufficient to justify his absence, and admonished him that failure to appear at scheduled conferences and proceedings would result in sanctions up to and including dismissal of all of his pending cases.

At the conference, counsel for the Defendant explained that no responsive pleadings had been filed in the above-captioned cases because a settlement had been reached between the parties, but Plaintiff had not executed the settlement documents. Counsel for Defendants indicated their intention to file either a motion for leave to file responsive pleadings, or a motion to enforce the

settlement. The parties were instructed to consider mediation with a magistrate judge and were given a deadline of August 26, 2011 to communicate their decision to the Court.

The matters were referred to the undersigned on September 12, 2011, ECF Dkt. #11, and a mediation was scheduled for September 28, 2011 in Youngstown, Ohio. ECF Dkt. #12. A copy of the Order setting the above-captioned cases for mediation was mailed to Plaintiff on September 13, 2011. Furthermore, the undersigned's courtroom deputy contacted Plaintiff in order to select a date and time when Plaintiff was available. The mediation order directed the parties to submit mediation statement one week in advance of the mediation, however, Plaintiff did not submit a mediation statement.

In the meantime, the matter was set for a second CMC on September 16, 2011. Neither Plaintiff nor Defendant appeared at the second case management conference. Although the Court recognized that the parties may have misinterpreted the scheduling of the mediation as obviating the need for the second CMC, the Court nonetheless issued a show cause order on September 16, 2011. ECF Dkt. #14. The Order reads, in pertinent part:

> [P]ro se plaintiff Mr. Craddock is hereby ordered to show cause in writing on or before October 7, 2011, explaining why he failed to appear for the rescheduled CMC, why he should not be sanctioned for that failure, and why this case should not be dismissed for want of prosecution. Failure to show good cause may result in the imposition of sanctions, up to and including the dismissal of plaintiff's claims and cases. Additionally, defendant shall show cause in writing on or before October 7, 2011, as to why it should not be admonished for failure to appear at the rescheduled CMC.

A district court has three different sources of authority to dismiss a case for failure to prosecute. *Rogers v. City of Warren,* 302 Fed.Appx 371, citing *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094, n. 1 (6th Cir.1994). The first source is Fed.R.Civ.P. 16(f), which permits dismissal under Fed.R.Civ.P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference. Fed.R.Civ.P. 16(f)(1)(A). The second source is Fed.R.Civ.P. 41(b), which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order. Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b). *Rogers*, supra, citing *Link*

*v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The third source is the court's inherent power to "protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court...." *Bowles v. City of Cleveland*, 129 Fed.Appx. 239, 241 (6th Cir.2005) (unpublished) (citing *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 69 L.Ed. 767 (1925)).

The Sixth Circuit applies a four-factor test to assess the appropriateness of a district court's decision to involuntarily dismiss a complaint: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir.2001). "To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault, under the first factor," a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Department*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005)).

Here, Plaintiff has failed to appear for three Court-scheduled hearings. He was admonished at the original CMC that failure to appear may result in the dismissal of his cases for want of prosecution, and despite that admonition he has continued to wilfully ignore the Orders of this Court. As a consequence, the undersigned recommends the dismissal of Plaintiff's cases with prejudice.

DATE: September 28, 2011         */s/ George J. Limbert*
                                                                   GEORGE J. LIMBERT
                                                                    U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).